ETAMAR A. MOWER *vs.* THE STATE DEPARTMENT OF HEALTH.

Third Judicial District, Bridgeport, April Term, 1928.

MALTBIE, HAINES, HINMAN, BANKS and WOLFE, Js.

Argued April 17th—decided June 18th, 1928.

*Samuel E. Hoyt* and *Harry L. Edlin,* for the appel-
lant (plaintiff).

*James W. Carpenter,* with whom, on the brief, were
*Benjamin W. Alling,* Attorney General, *Cyril Coleman*

and *J. H. Bartholomew, Jr.*, for the appellee (defendant).

MALTBIE, J.   Prior to January, 1924, the appellant had been examined and found qualified to practice medicine by the Connecticut Eclectic Medical Examining Board, had received from it certificates to that effect, and from the State Department of Health a certificate of registration, commonly called a license, authorizing him to practice.   In January, 1924, upon the request of all members of the Examining Board, the State Department of Health revoked this license upon the ground that it had been procured by fraud. From this action of the State Department of Health he appealed to the Superior Court, in accordance with the provisions of §2860 of the General Statutes, then in force, and that court dismissed the appeal.   From this judgment he has appealed to this court.

The appeal from the revocation of his license by the State Department of Health was taken to the Superior Court for Hartford County.   At the same time several appeals were taken by persons whose licenses had also been revoked, some to the Superior Court for Hartford County, others to the Superior Court for other counties.   While these appeals were pending the legislature amended §2860 of the General Statutes, adding a provision which authorized any judge of the Superior Court upon motion, if in his opinion the cause of justice required it, to order any appeal pending in that court to be transferred to the Superior Court in any other county and expressly stating that this provision should apply to all appeals pending at the time of the passage of the Act.   Thereafter this appeal, with several others from three counties, was ordered transferred to the Superior Court in New Haven County, where a number of like appeals were then pending.   The Act was ap-

proved May 2d, 1927, and took effect upon its passage. On June 16th another Act amendatory of §2860 was approved, which contained no provision for transferring appeals. Public Acts of 1927, Chap. 317, § 14. It had no provision that it should take effect upon its passage, and hence it did not take effect until July 1st, 1927. Public Acts of 1921, Chap. 350. The appellant claims that the Superior Court in New Haven County was without right to proceed with the appeals which were transferred to it because the Act authorizing the transfer was repealed before they were tried. But all the transfers were actually made while the earlier Act was in effect, so that, when the later Act became effective, they were all pending in the Superior Court for New Haven County, and the later Act certainly cannot be construed as intended to remand them back to the county from which they came. The appellant also claims that the first Act was passed for the temporary and special purpose of transferring these particular appeals; but we cannot adopt that view as the basis of our decision because the Act is general in terms and may well represent a general intent in the mind of the legislature at the time it was passed, though in the later Act, a revision of the whole law concerning the practice of the healing arts, a changed purpose was given effect. Moreover, the appellant speaks of the transfer as effecting a change in jurisdiction; but it is merely one in venue, for the Superior Court is one court for the whole State. *Allis* v. *Hall,* 76 Conn. 322, 327, 56 Atl. 637. Hence, the question not being jurisdictional, and not having been raised in the lower court, it is not now open to the appellant to raise it here. 40 Cyc. 111.

The appellant's license was revoked under the provisions of §2859 of the General Statutes, then in force, which authorized the State Department of Health, upon the written request of all members of the Exam-

ining Board, to revoke a license which had been procured by fraud. That statute contained no requirement as to notice or hearing before revocation and there was neither in this case. By reason of these facts the appellant claims that he was deprived of due process of law, in contravention of the Fourteenth Amendment of the Constitution of the United States. Upon his appeal to the Superior Court the appellant appeared and the case was fully heard, the issue of fraud in the procuring of his license being one of the litigated questions. Pending the decision of the appeal he was permitted to continue practicing medicine. In *Brein* v. *Connecticut Eclectic Medical Examining Board*, 103 Conn. 65, 130 Atl. 289, we had before us the appeal of one whose license to practice medicine was revoked at the same time and under much the same circumstances as was the appellant's and one of the questions presented was whether the revocation of the license by the State Board of Health, acting under §2859 of the General Statutes, without notice or hearing, was in deprivation of due process of law. We held that it was not. While the record of that case does not disclose any specific reference in the claims of the appellant to the Fourteenth Amendment of the United States Constitution, the broad language of our opinion and the decisions of the Supreme Court of the United States cited in it make it futile to claim that the effect and bearing of that Amendment upon the issues was not involved and determined, even though the appellant did not so specifically claim the violation of the Amendment as to warrant the Supreme Court of the United States in reviewing our decision. *Brein* v. *State Department of Health*, 273 U. S. 640, 47 Sup. Ct. 97; *Sayward* v. *Denny*, 158 U. S. 180, 15 Sup. Ct. 777. We held that the appellant in that case had not been deprived of due process of law and there is no

occasion to re-examine the matter in behalf of this appellant, who, as regards this question, occupies an identical position.

The remaining reasons of appeal are based upon claimed errors in the admission of testimony. The law in force when the appellant received his license provided that no applicant should be eligible to examination until he had presented to the medical examining board satisfactory evidence that he had received a diploma from some legally incorporated and reputable medical college. General Statutes, §§2855, 2857. It is found that in his application to the examining board he represented that he was a bona fide graduate of the St. Louis College of Physicians and Surgeons of St. Louis, that it was a reputable institution, and that it required a course of study of eclectic medicine of not less than two years. The contention of the State authorities on the trial was that these representations were false and fraudulent and that his license was procured by the fraud so practiced. For the purpose of proving that the St. Louis college was not a reputable medical institution, they introduced Doctor Waite as a witness, a man thoroughly qualified to give his opinion as to the character and adequacy of the institution and of the instruction which it gave its students. In the course of his testimony, he was permitted, over the appellant's objection, to testify as to statements made to him by its dean and certain of its instructors. In general these statements indicated that the facilities of the college were inadequate and the instruction given very deficient, that many degrees were issued *in absentia* and others were issued to persons who were at the college only a very short time, and that about one student in ten took all his work for his degree in the college. The objection to this testimony was that it was hearsay, but the trial court admitted it, not to

prove the truth of the matters contained in the statements but, coming as they did from those in charge of the school, as throwing light upon the character of the institution. No doubt the word "reputable" is used in the statute in the sense of worthy of a good repute rather than as indicating the actual reputation which the institution had. *State ex rel. Milwaukee Medical College* v. *Chittenden,* 127 Wis. 468, 533, 107 N. W. 500; *People ex rel. Sheppard* v. *Dental Examiners,* 110 Ill. 180, 184; *Dental Examiners* v. *People ex rel. Cooper,* 123 Ill. 227, 245, 13 N. E. 201. Certainly for the officers and instructors to give Doctor Waite the information that they did, whether true or false, is most strongly indicative that the institution was not worthy of a good repute, and we think that the trial court was correct in its ruling. 3 Wigmore on Evidence (2d Ed.) §1790. One statement made to Doctor Waite, that the college had never been a school of eclectic medicine, hardly falls within this principle, but error in its admission could not in any event be ground for reversal in view of the fact that it could affect only one, and that perhaps the least significant, of the fraudulent representations made by the appellant.

Doctor Waite was also permitted to testify as to information derived by him from documents in the possession of the college, such as the credentials of students showing that at other institutions they had failed in many subjects, records showing that sixty-nine per cent of the graduates had been there only one year or less, clinical records that were meagre, dispensary cards showing for the most part only charges for services, records of the board of trustees disclosing that no degrees had been voted, and the like. The appellant objected to this testimony on the ground that the documents themselves were the best evidence of their contents, but the court admitted it for the same lim-

ited purpose as it did the oral statements made by the dean and instructors. Certainly the acts of the officers of the institution in producing such documents as the only authoritative records of the way in which it was conducted were relevant upon the issue whether or not it was worthy of a good repute. In so far as Doctor Waite testified that these records failed to show certain facts, his evidence was not open to the appellant's objection; *McPhelemy* v. *McPhelemy,* 78 Conn. 180, 183, 61 Atl. 477; and the other matters involved in this testimony, looked at from the standpoint of the ground upon which they were admitted, were so remotely involved in the issues in the case, and the difficulty in securing the production of the records in court so manifest, that we think the trial court was well within its discretion in not requiring their production. *Gilbert* v. *Duncan, Sherman & Co.,* 29 N. J. L. 133, 140; *State* v. *Credle,* 91 N. C. 640, 646; 2 Wigmore on Evidence (2d Ed.) §§ 1252, 1254.

Doctor Waite was finally asked what the reputation of the school was and he answered that it was disreputable. This question was somewhat beside the point, because the question was not as to the actual reputation in which the school was held, but whether or not it was worthy of a good repute. No objection was, however, made on this ground. Doctor Waite was peculiarly qualified to know the reputation of the school and to testify as to it, and there was nothing in the statutes which precluded the trial court, upon the issue of fraud of the appellant, from inquiring whether or not the institution was in fact a reputable medical school.

There is no error.

In this opinion the other judges concurred.