BEATRICE HOGEWONING *vs.* BRAM HOGEWONING.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 7th—decided July 25th, 1933.

*Harry Silverstone,* for the appellant (applicant).

*Israel J. Cohn,* for the appellee (respondent).

MALTBIE, C. J.   This is a habeas corpus proceeding brought by the plaintiff to secure the custody of the two children of the parties, formerly husband and wife but now divorced. The children are girls aged six and seven years. In such an action it is permissible and often wise to allow a wider scope in the admission of evidence of facts and circumstances than is permitted in ordinary actions, in order to give to the court the broadest possible basis upon which to determine the paramount issue, what course will best serve the welfare and happiness of the children involved. *Mullins* v. *Becker*, 113 Conn. 526, 528, 155 Atl. 705; *Pfeiffer* v. *Pfeiffer*, 99 Conn. 154, 157, 121 Atl. 174. This principle does not, however, extend so far as ordinarily to abrogate the usual rules for the determination of the admissibility of evidence in actions at law. 29 C. J. 167. It is true that our statute provides that the court or judge hearing a habeas corpus case "shall proceed in a summary way to determine the facts and issues." General Statutes, § 5897. "That means that it [the procedure] shall be prompt and without unreasonable and unnecessary delay. Having in mind ordinary legal procedure, it doubtless means that there shall be no long adjournments; that such a proceeding shall not be placed on the calendar where it would not be reached in some time; that it shall have precedence over other matters." *People ex rel. Woodbury* v. *Hendrick*, 215 N. Y. 339, 344, 109 N. E. 486. Under our present practice the statute does not do away with the usual rules of pleading. *Scott* v. *Spiegel*, 67 Conn. 349, 358, 35 Atl. 262. There may be cases in which a relaxation of the ordinary rules of evidence is justified; justice to the plaintiff may imperatively require a disposition of the case without the delay necessary to comply strictly with them and in which at the same time a departure from them will not involve substantial dan-

ger of injustice to the defendant, as, for example, the production of the original of a document where secondary evidence of a trustworthy nature is available. Compare *Mower* v. *State Department of Health,* 108 Conn. 74, 81, 142 Atl. 473. Such a departure would, however, demand the exercise of a cautious discretion by the judge or court hearing the matter and should not be permitted except in a clear case.

In the instant case, the trial court permitted the defendant himself to quote orally a brief extract from a written decree in the Paris court in which the divorce of the parties was secured, and to give in a summary way the contents of certain written statements filed apparently in that court, and of the report of a police inquiry and also of a private investigation in that city. All these were seriously derogatory of the character of the plaintiff. The decree of the Paris court, if admissible at all, could be proved only by a copy and that copy should be of the entire decree and not of a small portion of it; *Waterbury Lumber & Coal Co.* v. *Hinckley,* 75 Conn. 187, 191, 52 Atl. 739; *Gray* v. *Mossman,* 91 Conn. 430, 437, 99 Atl. 1062; the other documents, even if actually produced at the trial, would have been inadmissible as hearsay. *Hammond* v. *Hammond Buckle Co.,* 72 Conn 130, 139, 44 Atl. 25. While it would have occasioned, no doubt, some delay in the disposition of the case to require the production of a copy of the decree and to secure the testimony of the persons making the statements and reports, the case discloses no reason why some temporary disposition of the children might not have been made which would have adequately guarded their interests and that of the parties to the action, and certainly justice to the plaintiff required that those statements and reports should not be used against her without affording her an opportunity to examine as witnesses in a

proper proceeding those claiming to have personal knowledge of the facts related. The trial court was in error in admitting the testimony.

The appellant's brief contains certain reflections upon the trial court which would have required us to refuse to receive it in its present form had the matter been called to our attention at the hearing. We have, however, decided to take no action in regard to it except for this comment, trusting that counsel will not again err in such a way.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.