The defendant was convicted on a charge of operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of § 14-227 of the General Statutes and has appealed to this court.
In his third assignment of error, the defendant claims that the court's conclusion that he was guilty of operating a motor vehicle while under the influence of liquor cannot be substantiated. The error assigned was too indefinite and general and does not conform to our practice. Avery v. Studley, 74 Conn. 272,286; Maltbie, Conn. App. Proc. § 170. Assignments of error must be specific and should substantially conform to the forms appended to the rules of the Circuit Court. See Maltbie, Conn. App. Proc. § 168. The defendant's assignments do not. *Page 359 
The subordinate facts as set forth in the finding were a proper foundation for the court's conclusion now under attack.
The transcript of the evidence which was filed was not certified by the trial court. Although we are not required to do so, we have examined the evidence and find that there is ample evidence to justify the conclusion of the trial court that the defendant was guilty beyond a reasonable doubt of the crime of operating a motor vehicle while under the influence of liquor.
The defendant has raised in the fourth assignment of error the question of the jurisdiction of the Circuit Court over his person. His claim is that the Circuit Court for the first circuit had no jurisdiction in this case and that the creation of the first circuit under the provision of § 51-251 of the General Statutes was an unconstitutional delegation of authority by the General Assembly.
At the outset, it is noted that "[i]t is incumbent upon any court, in the consideration of an attack upon the constitutionality of a legislative act, to approach the question with great caution, examine it with infinite care, make every presumption and intendment in its favor, and sustain the act unless its invalidity is clear." State v. Muolo, 119 Conn. 323,325; Jennings v. Connecticut Light PowerCo., 140 Conn. 650, 670. An examination of § 51-251, establishing the Circuit Court, discloses a legislative plan whereby the state is to be divided into an appropriate number of circuits. The chief judge of the Circuit Court, upon consultation with the other appointed judges of the Circuit Court, was authorized to designate those circuits and the towns and cities in which the court sessions should be held.
The challenge of unconstitutional delegation of legislative power is successfully met if the statute *Page 360 
declares a legislative policy, establishes primary standards for carrying it out, or lays down an intelligible principle to which the agency must conform, with a proper regard for the protection of the public interests, and affords a resort to the courts for the protection of both the public interests and private rights. State v. Vachon, 140 Conn. 478, 482;State v. Stoddard, 126 Conn. 623, 628. The chief judge of the Circuit Court was given the legislative declaration of policy and standards for the designation of the various circuits, that is, the convenience of litigants and their counsel, the facilitation of court business, and the efficient use of judicial personnel. The statute authorizes the chief judge to arrange such schedules of the court and to make such arrangements for appropriate quarters and furniture for hearing rooms for judges and prosecuting attorneys and other matters as are necessary for the administration of the court. General Statutes § 51-251.
The claim of the defendant is that the designation of the circuit was an unconstitutional delegation of legislative authority because it gave the chief judge an arbitrary discretion to establish various jurisdictions of the designated circuits. A portion of this argument is met by the recitation of § 51-1 of the General Statutes: "The territorial jurisdiction of the supreme court of errors, the superior court, the court of common pleas and the circuit court shall be co-extensive with the boundaries of the state." The appellant is confusing the question of venue with that of jurisdiction. See Mower v. State Departmentof Health, 108 Conn. 74, 77; Allis v. Hall,76 Conn. 322, 327. Concerning the question of the improper delegation of authority, it is noted that there are many fields of government in which the delegation of authority by the legislature has been approved by the courts, which realize that the legislative *Page 361 
enactments must necessarily in many instances avoid the detail and the particular. There are many things upon which wise and useful legislation must depend which cannot be known to the law-making power and must, therefore, be a subject of inquiry and determination outside the halls of the legislature. Field Co. v. Clark, 143 U.S. 649, 694;Donnelly v. New Haven, 95 Conn. 647, 660. The Supreme Court of Errors has in many instances passed upon the question of the delegation of authority by the legislature, a few such instances beingConnecticut Co. v. Norwalk, 89 Conn. 528, 531 (public utilities commission); Biz v. Liquor ControlCommission, 133 Conn. 556, 560 (liquor control commission);Gohld Realty Co. v. Hartford, 141 Conn. 135,148 (Redevelopment Act); State v. Stoddard,126 Conn. 623, 628 (milk administrator).
An examination of the Circuit Court rules, approved by the Supreme Court of Errors effective January 1, 1961, indicates an approval, inferentially at least, of the delineation of circuit boundaries. See Rule 4.7, relative to the transfer of causes, and Rule 6.4, pertaining to the areas to be served by jury sessions.
After an examination of the cases referred to us by counsel in analogous or similar situations, we conclude that the legislature has spoken with reasonable clarity in establishing the statewide jurisdiction of the Circuit Court; § 51-1; and has defined within proper limits the power of the chief judge to designate circuits and sessions. § 51-251. We furthermore conclude that after setting the legislative policy and standard of conduct for the subsequent administrative acts by the chief judge of the Circuit Court, the legislature has lawfully vested in him the administrative power and duty to "fill in the gaps" to make complete and workable the *Page 362 
administration of the Circuit Court system within the judicial department of the state of Connecticut.
 There is no error.
In this opinion MATZKIN and LEVINE, Js., concurred.