## PHYLLIS E. HOWARTH *v.* THOMAS G. NORTHCOTT

KING, C. J., MURPHY, ALCORN, HOUSE and SHAPIRO, Js.

Argued February 2—decided March 4, 1965

*C. Driscoll Grimes,* for the appellant (defendant).

*E. Gaynor Brennan, Sr.,* for the appellee (plaintiff).

ALCORN, J. In December, 1960, the plaintiff applied for a writ of habeas corpus to determine the custody of her two minor children, who, she alleged, were then being unlawfully held by the defendant, their father, the plaintiff's divorced husband. The writ of habeas corpus has long been used and approved to test the right to custody of a minor child. *Dunham* v. *Dunham,* 97 Conn. 440, 443, 117 A. 504. Indeed, it is the only procedure, other than actions for divorce or legal separation, by which the Superior Court has original jurisdiction over custody of minor children. *Adamsen* v. *Adamsen,* 151 Conn. 172, 178, 195 A.2d 418. No order for support of the children was sought incident to the custody. Following a hearing, the court rendered judgment on January 16, 1961, awarding custody of one of the children to the plaintiff and the custody of the other child to the defendant. The judgment also ordered the defendant to pay $200 per month for the support of the child whose custody was awarded to the plaintiff. No appeal was taken from that judgment. In 1963, on the defendant's motion, the order of support was modified. In February, 1964, the defendant moved for modification of the judgment, alleging a change of circumstances and that the support order of 1961 was void for lack of jurisdiction. The specific relief sought was visitation rights and the reduction or elimination of the support order. Following a hearing on the motion, the court filed a memorandum of decision in which it

concluded that the court which, in 1961, had rendered the order for support had jurisdiction to do so. None of the prayers for relief sought by the motion were adjudicated, however, and no formal judgment was rendered. This appeal is "from the judgment rendered therein on March 10, 1964". Assigned as error is the conclusion "that the Superior Court had jurisdiction to enter an order for support of the minor child of the parties in the habeas corpus proceeding before it". In his brief, the defendant states that the appeal is taken from the memorandum of decision. That, actually, is what the proceeding amounts to if we confine ourselves to the printed record.

The right of appeal is purely statutory and is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met. *Kennedy* v. *Walker,* 135 Conn. 262, 266, 63 A.2d 589. The appeal lies only from a final judgment. General Statutes § 52-263; *Levay* v. *Levay,* 137 Conn. 92, 95, 75 A.2d 400. The test of a final judgment lies, not in the nature of the ruling, but in its effect in concluding the rights of the party appealing; if his rights are concluded so that further proceedings after the ruling cannot affect them, there is a final judgment. *State* v. *Fahey,* 146 Conn. 55, 57, 147 A.2d 476; *Hiss* v. *Hiss,* 135 Conn. 333, 336, 64 A.2d 173. While a memorandum of decision cannot be considered a record judgment, a formal judgment file is not essential for an appeal if, in fact, the court's ruling constitutes a final adjudication of the rights of a party. *Harris* v. *First National Bank & Trust Co.,* 139 Conn. 749, 752, 97 A.2d 260; *Hiss* v. *Hiss,* supra, 338.

On the printed record, the action of the trial court from which the appeal is taken did not specifically

affirm, revoke or modify the support order which had been rendered in 1961. Because of the fundamental importance of a jurisdictional question and because the plaintiff does not contest the validity of the appeal, we judicially notice the Superior Court file for further enlightenment. *Hirsch* v. *Braceland,* 144 Conn. 464, 469, 133 A.2d 898. Therein we find a docket entry reciting that the motion for modification of the judgment was "denied as per memo filed". The only meaning to be ascribed to that docket entry is that the court, in 1964, refused to revoke the order of support because the court, in 1961, had jurisdiction to make it. There was no determination of the request for visitation rights or for modification or termination of the support order on the merits. The effect of the decision is that, if and until the original judgment could be revoked or modified because of a change of circumstances, the defendant is required to make payments for the support of the child whose custody was awarded to the plaintiff. We conclude that the denial of the modification motion on the jurisdictional ground stated was a final judgment within the appeal statute. *Hiss* v. *Hiss,* supra, 336; *Hein* v. *Hein,* 127 Conn. 503, 504, 18 A.2d 374.

We turn then to the question of the correctness of the court's ruling. The question is: Did the court, in the habeas corpus proceeding, have jurisdiction to render an order of support? We have never been asked to rule on the question. Courts in other jurisdictions take opposing views. Cases such as *Buchanan* v. *Buchanan,* 170 Va. 458, 197 S.E. 426, and *Pugh* v. *Pugh,* 133 W. Va. 501, 56 S.E.2d 901, hold that, in habeas corpus proceedings to determine the custody of a child, there is no jurisdiction to award support for the child principally

because the speedy remedy of habeas corpus should not be delayed by the injection of a collateral issue and because statutes authorizing the use of the writ do not provide for support orders. See also note, 116 A.L.R. 699. A minority of the courts take the view that a support order in such a proceeding is proper, reasoning that, since a habeas corpus proceeding for the custody of a child is, by its nature, an equitable proceeding, the principle that equity, having assumed jurisdiction, will do complete justice applies. See cases such as *Bartlett* v. *Bartlett,* 175 Ore. 215, 152 P.2d 402, and *Waller* v. *Waller,* 220 Ark. 19, 245 S.W.2d 814.

We are in accord with the latter view. The employment of the forms of habeas corpus in a child custody case is not for the purpose of testing the legality of a confinement or restaint as contemplated by the ancient common-law writ, or by statute. See General Statutes § 52-466; *Wojculewicz* v. *Cummings,* 143 Conn. 624, 627, 124 A.2d 886. The primary purpose is to furnish a means by which the court, in the exercise of its judicial discretion, may determine what is best for the welfare of the child. *Baram* v. *Schwartz,* 151 Conn. 315, 318, 197 A.2d 334; *Adamsen* v. *Adamsen,* 151 Conn. 172, 178, 195 A.2d 418; *Scott* v. *Furrow,* 141 Conn. 113, 120, 104 A.2d 224. The decision is reached by a consideration of the equities involved in the welfare of the child, against which the legal rights of no one, including the parents, are allowed to militate. *Mullins* v. *Becker,* 113 Conn. 526, 529, 155 A. 705; *Pfeiffer* v. *Pfeiffer,* 99 Conn. 154, 157, 121 A. 174; *Kelsey* v. *Green,* 69 Conn. 291, 298, 37 A. 679. The child is in the position of a ward of the state. *Dunham* v. *Dunham,* 97 Conn. 440, 443, 117 A. 504. The jurisdiction exercised by the court rests on its inherent

equitable powers and exerts the force of the state, as parens patria, for the protection of its infant ward. *LaBella* v. *LaBella*, 134 Conn. 312, 316, 57 A.2d 627. The very nature and scope of the inquiry and the result sought to be accomplished call for the exercise of the jurisdiction of a court of equity.

In an equitable action the court endeavors to do complete justice. *Butler* v. *Barnes*, 60 Conn. 170, 190, 21 A. 419; *Stolman* v. *Boston Furniture Co.*, 120 Conn. 235, 240, 180 A. 507. "Equity never does anything by halves." *Barber* v. *International Co.*, 73 Conn. 587, 605, 48 A. 758. Surely an important factor for consideration respecting the welfare of a minor child is the matter of his financial support. On it hinge all his material wants. His welfare is only partially provided for if the reasonable means necessary to furnish his creature comforts, although available from those able and responsible for supplying them, are not provided. To say that an excursion into this issue will slow the speedy progress of the ancient habeas corpus procedure is beside the point. While speed may properly be of the essence when the issue to be resolved is an alleged illegal confinement, it becomes less important when the welfare of a child is the paramount concern. Indeed, we have said that, in the latter case, the court should have available to it the broadest possible base upon which to determine what course will best serve the welfare and happiness of the child. *Hogewoning* v. *Hogewoning*, 117 Conn. 264, 265, 167 A. 813.

The defendant argues that the court could not award support because it was not made an issue on the pleadings. Lest it be assumed, from what we have said above, that support is so interwoven with the principal issue concerning the child's welfare

as to make a specific claim for support unnecessary, we hasten to negative the notion. Good practice requires that a specific claim for support should be made in all cases in which it is sought, and the court should have required it to be done in this case. The plaintiff tells us, in argument, however, that the issue was fully litigated at the trial. The defendant says, in explanation, that the financial aspects of the case and the child's needs were considered only as bearing on the father's right to custody. The distinction is a nebulous one. It is fundamental that a judgment or decree cannot be rendered if pleadings on which to found it are lacking. *New Haven Sand Blast Co.* v. *Dreisbach,* 104 Conn. 322, 330, 133 A. 99. The parties may, however, by consent, enlarge the scope of the litigation to include matters not expressly pleaded. *Spitz* v. *Abrams,* 128 Conn. 121, 123, 20 A.2d 616. If the defendant considered that the judgment went beyond the issues litigated, the time to have appealed was within two weeks from notice of its rendition. Practice Book § 601. The defendant not only took no appeal but recognized the validity of the judgment to the extent of seeking a modification of it in 1963 which was granted. It was not until the motion for modification which gives rise to the present appeal was made in 1964 that the defendant attacked not only the variance but also the court's jurisdiction to order support even if support had been properly pleaded. The judgment should not be disturbed, under the circumstances disclosed, for the lack of a formal claim for support.

There is no error.

In this opinion the other judges concurred.