MARGARET MIRTO ET AL. *v.* ERNEST E. BODINE

SUPERIOR COURT      FAIRFIELD COUNTY      FILE NO. 144756
AT BRIDGEPORT

Memorandum filed April 19, 1972

*Meuser, Gentile & Biafore,* of Bridgeport, for the plaintiffs.

*Richard W. Pinto,* of Bridgeport, for the defendant.

LEVINE, J. The defendant has demurred to the plaintiffs' complaint on the ground that it is legally insufficient since it does not state that there was or is a complaint for divorce pending, in accordance with Public Acts 1971, No. 50 (General Statutes § 46-23). That act provides for a court in its discretion to grant reasonable visitation rights to any person having an interest in the welfare of the child on any complaint for a divorce.

The complaint is an action seeking a declaratory judgment determining the grandparents' rights of visitation with their deceased daughter's child, now in the custody of the defendant father. It makes no claim of rights of visitation by virtue of Public Acts 1971, No. 50.

So far as a grandparent's receiving visitation rights from a court is concerned, there are opinions in some jurisdictions which hold that a court may order such visitation and there are opinions in other jurisdictions to the opposite effect. It has never been denied that this court may grant custody of children to grandparents under certain circumstances, i.e. if it is best for the child's interests, and from that it may follow that the court has the right to grant a grandparent visitation rights if it is for the best interests of the child. This rule would seem to be a logical extension of *Howarth* v. *Northcott*, 152 Conn. 460, and *Claffey* v. *Claffey*, 146 Conn. 104.

While the defendant's argument is correct that a judgment such as is sought here requires a divorce action pending or past, the plaintiffs do not allege their cause of action under Public Acts 1971, No. 50, but rather under the general law.

For the reasons stated the demurrer is overruled.