[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION TO DISMISS AND MOTION TO STRIKE
This court has, since the filing of this action for custody, been involved in numerous pendente lite motions concerning visitation. The Court has articulated on several occasions, informally, its position with respect to the Motions to Dismiss and to Strike. To complete the CT Page 9678 file and make its order, the Court will deny the Motion to Dismiss, but grant the Motion to Strike plaintiff/petitioner's first claim for relief.
The plaintiff/petitioner has conceded during the proceedings that he is not the biological father of the minor child. However, many courts have recognized that mere biological connection does not a parent make. McGaffin v. Roberts, 193 Conn. 393, 401 (1984). The Court, in attempting to protect the "best interests of the child" has acknowledged habeas corpus proceedings as a proper conduit. Parentage is not relevant at all times to that inquiry.
The Motion to Strike is granted, because the issue of custody, while expanded to include foster or adoptive parents in habeas corpus actions, does not include persons who once shared a "significant relationship" with a biological parent. Nye v. Marcus, 198 Conn. 138
(1985) and Doe v. Doe, 163 Conn. 340 (1972).
While the plaintiff/petitioner may claim standing under Conn. Gen. Stat. 46b-56, the Court agrees with defendant's argument that that section applies only to actions for dissolution of marriage, legal separation, or annulment.
DRANGINIS, J.