[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO REOPEN AND MODIFY VISITATION (DOCKET ENTRY #113)
This motion comes before the court to modify prior orders of visitation. The original decree entered on November 19, 1985 provided that custody of the two minor children should be with the plaintiff mother and that the defendant would have visitation on alternate weekends from the close of day care until the commencement of day care on Monday morning and on each Wednesday from the end of day care to the resumption of day care on Thursdays. The decree also provided for visitation on alternate holidays, the defendant's birthday and for two weeks during the summer. CT Page 943
The children at the time of the decree were three and one years of age. They are now nine and seven years of age, now in school, and now no longer in day care on a full time basis.
Two problems have arisen since the original orders. First, problems have arisen between the day care provider and the defendant. Second, it is no longer in the children's best interest to be with their father overnight on a night before school.
On January 15, 1991, the parties entered into a stipulation regarding temporary visitation pending mediation by the Family Relations Division and study if mediation was unsuccessful. Mediation was unsuccessful and a visitation study was completed on October 10, 1991. Mr. Joseph Iassogna, the Family Relations Counselor testified in this proceeding.
The court, in considering this motion, must consider the best interests of the minor children, Nancy and Nicholas, and the provisions of 46b-56 of the General Statutes. The following quotation from the case of Raymond v. Raymond, 165 Conn. 735, 741
(1974), still best sets forth the criteria upon the issue of visitation:
 Visitation rights are not wholly unrelated to the welfare of the children of divorced parents. Minor children are entitled to the love and companionship of both parents. For the good of the child, unless a parent is completely unfit, a decree should allow a parent deprived of custody to visit or communicate with the children under such restrictions as the circumstances warrant. 27B C.J.S. 478, Divorce, 312. If circumstances have placed a financial burden on the parent in relation to visitation, the court may consider whether a reduction in support is in the best interests of the children, to allow the expenditure of funds saved from the reduced payments to be spent on securing visitation. A parent's privilege of visitation of children whose custody has been awarded to the other parent in a divorce action, however, is not an absolute right but one which is dependent on what is for the best interests of the children even though such visitation rights may be restricted or effectively terminated. Lewis v. Lewis, 338 Mich. 107, 201, 61 N.W.2d 66; Butler v. Butler, 83 N.H. 413, 416, 143 A. 471. Where custody and visitation CT Page 944 rights have been affected, a court has the power and the duty to safeguard those rights while recognizing that such interests are subordinate to the welfare of the children. Neither parent's interests with regard to his or her children are a property right nor are they rights which cannot be terminated without his or her consent. Doe v. Doe, 163 Conn. 340, 343, 307 A.2d 166; Goshkarian's Appeal, 110 Conn. 463, 468, 148 A. 379. A contest relative to custody, such as visitation rights, is not one primarily to determine the rights of the respective parties but rather a determination of the best interests of the child or children. Antedomenico v. Antedomenico, 142 Conn. 558, 562, 115 A.2d 659, see Krasnow v. Krasnow, 140 Conn. 254, 260, 99 A.2d 104.
Based upon the foregoing and considering the best interests of the children, the court finds that overnight visitation with their father on a school night is not in their best interest and that pickup of the children from the day care provider by the father, likewise, is not in their best interest. The court finds the allegations of paragraphs 6, 7 and 8 of the plaintiff's motion to be true.
The court, therefore, enters the following orders:
1. The defendant father shall visit with the children each Wednesday, picking up the children at the family residence or as indicated by the plaintiff mother, between 5:15 and 5:30 P.M. Any earlier pickup times shall be mutually agreed upon by the parties. Any change in the pickup time shall be communicated directly between the parties, with each party providing the other party with reasonable notice regarding any necessary change. The defendant father shall return the children to the family residence at 7:30 P.M. During the children's summer vacation, unless there are other plans in the children's best interest, the defendant shall have overnight visitation with the children on Wednesday evening, returning the children to the family residence in time for the plaintiff to deliver the children to their summer activity.
2. Additionally, the defendant father shall visit with the children every other weekend beginning on Friday, picking up the children at the family residence or as otherwise indicated by the plaintiff mother, between 5:15 and 5:30 P.M. and returning the children to the family residence on Sunday at 7:30 P.M. Such visitation shall continue to Monday at 7:30 P.M. if Monday is a holiday upon which the defendant has visitation. Any earlier CT Page 945 pickup time shall be mutually agreed upon by the parties. Any change in the pickup time or the time for return of the children shall be communicated directly between the parties with each party providing reasonable notice regarding any necessary change.
3. Unless the defendant has given notice of a late arrival, visitation shall be cancelled if the defendant is more than one-half hour late.
4. The defendant father shall make sure that the children have completed any and all homework assignments that are assigned to them on the day that he is visiting with the children.
5. The defendant father shall return any and all clothing that the children wear and bring to his home, as soon as possible.
6. The parties shall not harass each other and the defendant father shall proceed to the family home only to pick up and return the children.
7. Neither party shall speak ill of the other party in front or to the children at any time.
8. Any and all communication between the parties shall be made directly to the other party, and no communication shall be made to the other party through the children.
9. At no time shall the defendant father pick up or deliver the children at the home of the care provider, absent an agreement regarding the same by the parties.
10. Holidays shall be shared and/or alternated as mutually agreed upon.
11. The defendant father shall have two (2) weeks visitation with the children during summer vacation commencing on Friday between 5:15 and 5:30 P.M. and returning the children two weeks later on Friday at 7:30 P.M., unless otherwise mutually agreed upon between the parties. During such two (2) weeks vacation, the defendant father shall keep the plaintiff mother constantly advised of the place or places where the children will be and shall permit the children to call their mother every other evening at 7:30 P.M.
12. School vacation shall be alternated.
13. There shall be no consumption of alcohol by the defendant before or during the exercise of his visitation with the children.
EDGAR W. BASSICK, III JUDGE CT Page 946