[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This case first came before this Court on January 8, 1993 on the plaintiff's Habeas Corpus Concerning Custody of Child and the plaintiff's Motion for Blood Test. The plaintiff, Kevin Jon Weidenbacher, pursuant to Connecticut General Statute 52-466, is seeking to establish court ordered paternity by writ of habeas corpus. The Court, sua sponte, raised the issue of lack of standing on the part of the plaintiff. The defendants, Donna J. Duclos, et al, renewed the motion by filing a written Motion to Dismiss.
The defendants, Donna Duclos and Edward Duclos, were married on October 14, 1988. On October 31, 1988, the minor child, Grant E. Duclos, was born to the defendants. Edward Duclos is named on the child's birth certificate as the child's legal father. On November 14, 1990, a judgment dissolving the defendants' marriage found that Grant E. Duclos was issue of their marriage and awarded custody to the defendant Donna Duclos, with liberal rights of visitation to Edward Duclos. The Court further ordered Edward Duclos to pay $135.00 per week in child support for the minor child, Grant Duclos. The defendant, Edward Duclos, is the legitimate, legal father of the minor child, Grant Duclos.
On or about July 29, 1992, the plaintiff petitioned the Probate Court seeking to be adjudicated Grant Duclos' natural father. The Probate Court dismissed for lack of jurisdiction pursuant to Connecticut General Statute 46b-172a which limits CT Page 2142 jurisdiction over paternity claims only to those claiming to be the father of a child born out of wedlock. On December 16, 1992, the plaintiff filed a writ of habeas corpus with the superior court against the defendants seeking custody or visitation rights with Grant Duclos. At the same time, the plaintiff also filed a motion to have the court order a blood test of both the mother, Donna Duclos, and the minor child, Grant Duclos.
The plaintiff argues that he is the biological father of the minor child. Plaintiff also admits that his name is not on the birth certificate, that he has never been married to the defendant, that he has never been adjudicated to be the child's father, and that there has been no legal or written acknowledgement of paternity. The plaintiff is a `legal' stranger to the minor child, Grant Duclos.
The plaintiff also admits that he failed to intervene in the divorce proceedings where Grant Duclos was adjudicated issue of the marriage of Donna and Edward Duclos. Connecticut General Statute 46b-57 allows third party intervention regarding the custody of a minor child, in any controversy before the superior court, involving the custody of such child. The plaintiff testified that he had maintained an ongoing relationship with the defendant, Donna Duclos, through the period in which Donna Duclos and Edward Duclos were pursuing a divorce. The plaintiff also stated that he was unclear as to the nature of the dissolution of the Duclos' marriage, but that he did have knowledge that the marriage was dissolving. The plaintiff's apparent reason for not intervening pursuant to General Statute 46b-57, was his lack of knowledge that he had a right to do so.
In a number of cases, the Connecticut courts have determined that a habeas corpus proceeding can be used to obtain or enforce custody rights McGaffin v. Roberts, 193 Conn. 393, 479 A.2d 176
(1984); Pi v. Delta, 175 Conn. 527, 400 A.2d 709 (1978); Kearney v. State, 174 Conn. 244, 249, 386 A.2d 223, ___ (1978). But the courts have recognized it's use as a means of challenging custody only in extraordinary situations. See Nye v. Marcus, 198 Conn. 138,502 A.2d 869 (1985). The case law regarding a putative father's use of the writ to seek visitation or to challenge custody has been limited to cases where the child is illegitimate. Doe v. Doe, 163 Conn. 340, 307 A.2d 166 (1972). To have standing to bring such a habeas corpus petition, the petitioner must nave a "special interest, that the essential elements of such interest are parenthood, cohabitation and CT Page 2143 support." Forestiere v. Doyle, 30 Conn. Sup. 284, 286,310 A.2d 607, 608 (1973). In Doe v. Doe, supra, the court held that only parents or legal guardians of a child have standing to seek habeas corpus relief. The Connecticut courts have not extended the use of the writ of habeas corpus to a putative father seeking to challenge the paternity of a legitimate child.
The paternity of a child born in wedlock has already been presumptively established. Michael H. v. Gerald D., 491 U.S. 110
reh. denied, 492 U.S. 937 (1989). Grant Duclos is the legitimate issue of the Duclos' marriage, and Edward Duclos has been adjudged the child's legal father in a previous action. The paternity of Grant Duclos has neither been disclaimed nor challenged by his `legal' father, Edward Duclos. To grant the plaintiff standing would have the legal effect of undermining the legitimate status of a minor child. To recognize parental rights in the plaintiff would, in effect, require the court to terminate the parental rights of the presumptive father, Edward Duclos.
To allow the plaintiff standing to bring the present action would be contrary to the strong public policy interest in protecting a minor child from the effects of illegitimacy, and in protecting the integrity of family relationships. See 10 Am. Jur. 2D Bastards 10 (1963). Accordingly, the plaintiff's complaint must be dismissed as the plaintiff lacks standing to bring the habeas corpus action for the purpose of establishing paternity. It is unnecessary for the court to render an opinion on the plaintiff's motion to compel and blood test.
The Court notes that the plaintiff, Kevin Weidenbacher, may seek visitation rights pursuant to Connecticut General Statute46b-59. The statute states that "[t]he superior court may grant the right of visitation . . . to any person, upon an application of such person." Visitation under this statute does not require a finding of paternity to establish standing. general Statute 46b-59
also states that "[t]he grant of such visitation rights shall not prevent any court . . . from thereafter acting upon the custody of such child, the parental rights with respect to such child . . . ." This course of action would enable the plaintiff to maintain the alleged present status of his relationship with the minor child, Grant Duclos, provided that the Court determined that the grant of such visitation was in the child's best interest.
SPALLONE STATE TRIAL REFEREE CT Page 2144