[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION TO RECONSIDER ORDER APPOINTING A PUBLIC DEFENDER
In this petition for writ of habeas corpus, challenging the conditions of confinement, the petitioner Terrell Ledbetter moved for the appointment of counsel and the court granted his motion ordering that the Public Defender Services Commission (Commission) appoint a public defender to prosecute the writ. The chief of Habeas Corpus Services for the Office of the Chief Public Defender (Public Defender) moves that the court reconsider its order.[1]
The Public Defender points out that in 1983 the Commission adopted a policy not to accept appointment in condition of confinement cases relying on its interpretation of General Statutes § 51-296 (a) which limits the appointment to "habeas corpus proceeding arising from a criminal matter."[2] I have several problems with the Commission's position in this matter.
The Commission's narrow interpretation of § 51-296 (a) is baffling. Although it involves the conditions of his confinement, it is a "habeas proceeding arising from a criminal matter" — the criminal matter being his original conviction and incarceration for the crimes of robbery in the first degree and carrying a dangerous weapon resulting in an effective sentence of 21 years. The petitioner is certainly not in custody as a result of a civil matter. CT Page 9128
Even if it was the unexpressed intent of the legislature not to provide a public defender for conditions of confinement, the 1983 policy adopted by the Commission is void. Such a "policy" to be effective must be adopted as a regulation under the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq.
The legislature set in place a stringent review for all such proposed regulations in order to insure that the various agencies and commissions comply with legislative mandates. General Statutes § 4-169 requires approval by the Attorney General and her "determination of legal sufficiency of the proposed regulation," which "means (1) the absence of conflict with any general statute or regulation, federal law or regulation or the Constitution of this state or of the United States and (2) compliance with the notice and hearing requirements of section 4-168." In addition, the proposed regulations must be reviewed by the Legislative Regulation Review Committee. General Statutes § 4-170.
Finally, the Commission's narrow reading of § 51-296 (a) does not comport with our modern concept of justice. Justice Stevens recently pointed out in dissent: "The Fourteenth Amendment prohibits the States from depriving any person of life, liberty, or property without due process of law. While at least one 19th-century court characterized the prison inmate as a mere "slave of the State," Ruffin v. Commonwealth,62 Va. 790, 796 (1871), in recent decades [the United States Supreme Court] has repeatedly held that the convicted felon's loss of liberty is not total. Prison walls do not . . . separat[e] . . . inmates from the protections of the Constitution, and even convicted criminals retain some of the liberties enjoyed by all who live outside those walls in communities to which most prisoners will someday return." (Citations omitted in part; internal quotation marks omitted). Lewis v. Casey,518 U.S. 343, 404 (1996).
The great writ of liberty — the writ of habeas corpus — is in place to protect those rights of the prisoner even though he is lawfully incarcerated. But the proceedings are complex and require a legally trained mind. It must be recognized that "penitentiaries include among their inmates a high percentage of persons who are totally or functionally illiterate, whose educational attainments are slight and whose intelligence is limited." Johnson v. Avery, 393 U.S. 483, 487
(1969). And this is the precise point that the petitioner make in this case. He points out that he has had very little formal education and never attended high school. Whether or not he has a meritorious petition is irrelevant at this point. The petitioner has a constitutional right to present it to the court without abridgement or impairment. Ex parteHull, 312 U.S. 546, 549 (1941). And in Connecticut, under § 51-296
(a), that simply means with the aid of a public defender. CT Page 9129
Public Defender's motion for reconsideration is denied and it is ordered that a public defender be assigned to represent the petitioner in this habeas corpus proceeding. When the pleadings are closed and the case is ripe for adjudication, counsel may reclaim the matter for trial.
Berdon, Judge Trial Referee