[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a post judgment motion for contempt filed by the Plaintiff claiming failure of the Defendant to pay to her a share of the mortgage, real estate tax and homeowner insurance expenses as provided in the June 11, 1999 dissolution orders. The Memorandum of Decision required that the marital residence immediately be listed for sale and that:
 "The parties shall cooperate in the listing and sale of the property . . .
The plaintiff shall have exclusive possession of the CT Page 10139 marital residence until it is sold. She shall collect the rent from the tenant and apply the proceeds towards the payment of the mortgages, taxes and homeowner insurance. These expenses are $1,864 per month according to the plaintiff's financial affidavit. After applying the rent of $800 per month toward these expenses, the parties shall share equally the balance due. The defendant shall pay his share on the first of each month, starting July 1, 1999, to the plaintiff who shall be responsible for making the payments to the mortgagees. (Emphasis added.)
The Defendant admits that he did not make the payments for May, June, July and August 2000. On October 10, 1999, Judge Novack ordered that beginning November 1999 these payments of $532 were not required to be made until the Plaintiff had made her payments to the mortgagees:
 "Commencing with the November obligation of the defendant to pay for one half of the household expenses, the defendant shall be excused from making his payments until the plaintiff tenders her one-half of the expenses payments to the mortgages." Falkenstein v. Falkenstein, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 163724 (October 20, 1999, Novack, J.)
The Plaintiff failed to prove that she made any of the four payments at issue and therefore, Defendant's payments are not yet due.
The Plaintiff has sought relief by way of the equitable powers of the court. To be entitled to such assistance, the Plaintiff must come to court with clean hands and must do equity. "[E]quity, having assumed jurisdiction, will do complete justice. . . ." Howarth v. Northcott,152 Conn. 460, 464, 208 A.2d 540 (1965). "Equity never does anything by halves" Id., 465. "As he is seeking equity he must do equity." Caraminiv. Telegulias, 121 Conn. 548, 553, 186 A. 482 (1936). "`It is in the power of a court of chancery to do more ample and complete justice to the parties interested, than can possibly be done in a court of law.' Ward v.Griswoldville Mfg. Co., 16 Conn. 593, 602; Mann v. Cooke, 20 Conn. 178,187." Beach v. Beach Hotel Corp., 117 Conn. 445, 454, 168 A. 785 (1933).
In this case, the Plaintiff's behavior precludes her obtaining the relief she seeks. The financial orders which she claims were violated were obtained by her submission of false and misleading financial information by affidavit and court testimony. She concealed and withheld vital information on these subjects. She misstated her employment history CT Page 10140 and her earnings history and also failed to reveal regular and substantial gifts she received from family. Her deceit made it impossible for counsel for the Defendant to discover and present the full financial picture, although counsel made every possible effort to do so. Her actions resulted in financial orders which, with a certainty, would not have been entered had all information been provided. Under such circumstances and until further orders are entered after full disclosure, it is incumbent on the court to provide interim relief to the Defendant.
Effective immediately, the court suspends any and all obligations of the Defendant to pay any share of expenses related to the family home and orders that the issue of modification of alimony, and retroactivity of any modification, be reclaimed by the Defendant for hearing.
HILLER, J.