# EDWARD VINES *v.* WARDEN, STATE PRISON

Superior Court, Judicial District of Tolland
File No. CV-01-0003438S

Memorandum filed March 31, 2003

*Edward Vines*, pro se, the petitioner.

*Madeline A. Melchionne*, assistant attorney general, with whom was *Richard Blumenthal*, attorney general, for the respondent.

FUGER, J. The petitioner, Edward Vines, alleges in his petition for a writ of habeas corpus initially filed on July 30 and amended on October 25, 2002, that the

1

conditions of his confinement at the Northern Correctional Institution constitute cruel and unusual punishment. On December 2, 2002, the petitioner filed a motion for the appointment of a public defender to represent him. The court denied that motion on February 13, 2003. On March 14, 2003, the court, sua sponte, decided to reconsider the motion for appointment of counsel.

I

## DISCUSSION OF LAW

There is no right under either the federal or state constitution to appointed counsel in a habeas corpus proceeding. The sixth amendment to the United States constitution provides in pertinent part that "[i]n all *criminal prosecutions*, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." (Emphasis added.) Article first, § 8, of the constitution of the state of Connecticut provides in pertinent part: "In all *criminal prosecutions*, the accused shall have a right to be heard by himself and by counsel . . . ." (Emphasis added.) Moreover, when individual criminal defendants are indigent, they are entitled to have a lawyer appointed to represent them at no cost. *Gideon* v. *Wainwright*, 372 U.S. 335, 344–45, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). A habeas corpus proceeding is not a criminal prosecution. Rather, it is a civil action in which persons who are in the custody of a duly appointed agent of the state seek an order of release from illegal confinement or a restoration of the liberty to which they are entitled. See General Statutes § 52-466. As such, neither the sixth amendment to the United States constitution nor article first, § 8, of the constitution of the state of Connecticut is direct authority by which a court is mandated to appoint a public defender to represent a habeas corpus petitioner. See *Pennsylvania* v. *Finley*, 481 U.S. 551, 559, 107 S. Ct. 1990, 95 L.

Ed. 2d 539 (1987); *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 701, 699 A.2d 1003 (1997).

Notwithstanding the lack of a constitutional requirement that indigent petitioners be appointed public defenders, the state of Connecticut has enacted a statutory provision that requires appointment of public defenders for habeas corpus petitioners. *Iovieno* v. *Commissioner of Correction*, supra, 242 Conn. 701–702. General Statutes § 51-296 (a) provides in pertinent part that *"in any habeas corpus proceeding arising from a criminal matter . . .* the court before which the matter is pending shall, if it determines after investigation by the public defender or his office that a defendant is indigent . . . designate a public defender . . . to represent such indigent defendant . . . ." (Emphasis added.) Clearly, then, an indigent petitioner in "any habeas corpus proceeding arising from a criminal matter" is entitled to the appointment of a public defender. See *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 2 n.2, 790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002).

A petition for habeas corpus will usually fall into one of three major categories of cases. The first category is that class of petition attacking the constitutionality or legality of the conviction itself. The second category seeks to attack the calculation of the myriad sentence credits that may be applied by the department of correction in determining a petitioner's date of release from confinement. The third category concerns the conditions of the petitioner's confinement within the department of correction. These categories have commonly been called underlying cases, time credit cases and conditions cases, respectively. In the past, public defenders have routinely been appointed for petitioners in underlying cases and time credit cases, but not for conditions cases.

A recent Superior Court decision, *Ledbetter* v. *Warden*, Superior Court, judicial district of New Haven, Docket No. CV-98-0419863 (July 6, 2000) (27 Conn. L. Rptr. 464) (*Hon. Robert Berdon*, judge trial referee), found that there was a right to appointed counsel in conditions cases as well. In *Ledbetter*, the public defender declined to represent the petitioner because his petition " 'entails a conditions of confinement complaint rather than a claim implicating the petitioner's criminal conviction.' " Id., 465 n.1. The court found that to be unpersuasive and noted that although the petition "involves the conditions of his confinement, it is a 'habeas proceeding arising from a criminal matter'— the criminal matter being his original conviction and *incarceration* for the crimes of robbery in the first degree and carrying a dangerous weapon resulting in an effective sentence of twenty-one years. The petitioner is certainly not in custody as a result of a civil matter." (Emphasis in original.) Id., 464. Consequently, the court appointed a public defender to represent the petitioner. Because the petitioner's *incarceration* had arisen out of a criminal conviction, *Ledbetter* provides that any habeas proceeding, regardless of the nature of the complaint, is within that universe of cases defined as a "habeas proceeding arising from a criminal matter . . . ." General Statutes § 51-296 (a). Given that interpretation, it would appear that § 51-296 (a) mandates the appointment of public defenders for indigent petitioners. Nevertheless, this court believes this to be an overly expansive interpretation.

The language in § 51-296 (a) is instructive in helping to understand the phrase "any habeas proceeding arising from a criminal matter . . . ." General Statutes § 51-296 (a). First of all, it is clear that the word "any" must be read as meaning "all" habeas proceedings. "We agree with the Appellate Court that the word any, for purposes of § 51-296 (a), connotes all or every. . . . [T]he word any in statutes is generally used in the sense of all or every and its meaning is comprehensive in

scope and inclusive in range . . . ." (Citation omitted; internal quotation marks omitted.) *Gipson* v. *Commissioner of Correction*, 257 Conn. 632, 640, 778 A.2d 121 (2001). Had the legislature simply used the words "any habeas proceeding," the answer would be quite simple; an indigent petitioner would have been entitled to public defender representation in all habeas petitions. That, however, is not what happened; the legislature added the words "arising from a criminal matter" to the statute. Now, if "any habeas proceeding" is an all inclusive term, then the words "arising from a criminal matter" must have been intended to be a limitation of the universe of cases in which an indigent habeas petitioner can receive appointed counsel.

The exact boundaries of habeas corpus jurisdiction are not well defined here in Connecticut. "The writ of habeas corpus, as it is employed in the twentieth century, however, does not focus solely upon a direct attack on the underlying judgment or upon release from confinement. See, e.g., *Gaines* v. *Manson*, 194 Conn. 510, 481 A.2d 1084 (1984) (undue appellate delay); *Arey* v. *Warden*, 187 Conn. 324, 445 A.2d 916 (1982) (conditions of confinement); *Roque* v. *Warden*, 181 Conn. 85, 434 A.2d 348 (1980) (first amendment issues); *Negron* v. *Warden*, 180 Conn. 153, 429 A.2d 841 (1980) (state's extradition practice); *Doe* v. *Doe*, 163 Conn. 340, 307 A.2d 166 (1972) (custody and visitation disputes). Although we have not resolved the precise limits of its scope for challenges that do not involve release; *Sanchez* v. *Warden*, 214 Conn. 23, 34, 570 A.2d 673 (1990); we need not delve into that quagmire to resolve this case." *Lozada* v. *Warden*, 223 Conn. 834, 841–42, 613 A.2d 818 (1992). It is clear, then, that there *can* be habeas proceedings that do not arise from criminal matters.[1] There would, therefore, be no right to

---

[1] Petitions challenging the conditions of confinement would be included therein. See *Arey* v. *Warden*, supra, 187 Conn. 324.

appointed counsel for a habeas petitioner who files a habeas petition that does not arise from a criminal matter.

Here, the petitioner is challenging the conditions of his confinement. He alleges that he was placed in administrative segregation and assigned to the Northern Correctional Institution without due process of law. He further alleges that he is being subjected to cruel and unusual punishment by the deliberate disregard for his safety being shown by the respondent warden. The petitioner in the present case happens to be initially confined as a result of a criminal conviction; however, it is immaterial as to whether his incarceration is pursuant to criminal conviction or civil order. What is critical to note is that the petitioner is not challenging the underlying order that brought him to incarceration in the first place but is instead arguing that the conditions of that confinement are unconstitutional. His petition arises out of the "conditions of his confinement" and does not "arise from a criminal matter." The petitioner does not have the statutory right to have a public defender appointed to represent him in the present action because although it clearly is a habeas corpus proceeding, it is not one that arises from a criminal matter.

Even though this court has found that the petitioner does not have a statutory entitlement to the appointment of a public defender to represent him in the present matter, the court does retain the ability to make a discretionary appointment. The chief public defender is statutorily obligated under General Statutes § 51-291 (11) to "[m]aintain one or more lists of trial lawyers who may be available to represent persons in habeas corpus proceedings arising from criminal matters . . . or to represent persons in *other appropriate matters on a case by case basis, as needed, which lawyers shall be selected by a judge of the court before which the*

*matter is to be heard.*" (Emphasis added.) Additionally, General Statutes § 51-293 (a) (2) provides in pertinent part that "[t]his section shall not prevent a judge of the Superior Court from appointing a special assistant public defender on a contractual basis for a temporary period of time in an appropriate case . . . ." The court does not find that the issues presented by this petition merit the appointment of a special public defender under the inherent power of the court to do so.

## II

## CONCLUSION

Accordingly, the petitioner's motion for appointment of counsel is once again denied.