JOSEPH I. LIEBERMAN, ATTORNEY GENERAL *v.*
JOHN J. ROGERS ET AL.

| SUPERIOR COURT | JUDICIAL DISTRICT OF NEW HAVEN AT MERIDEN | FILE NO. 224341 |
|---|---|---|

Memorandum filed August 7, 1984

*Thomas Fiorentino,* assistant attorney general, for the plaintiff.

*Henry J. Gwiazda* and *Vincent F. Sabatini,* for the named defendant.

*Hill, Mihalakos, Sachner & Coleman,* for the defendant Home Bank & Trust Company.

MEADOW, J. This is a suit instituted by the attorney general to recover funds from the defendant for eventual distribution to charitable organizations named in the will of Jacobina B. Riecke, deceased. The plaintiff

alleges that the defendant wrongfully obtained the sum of $64,000 from the decedent and that he placed that sum in a joint survivorship bank account and is now the sole owner of that account by operation of law.

The suit alleges that the defendant transferred the monies into the joint survivorship account knowingly to establish an interest in the account which would vest in him upon the death of Riecke.

At the time the transfer was made the defendant was the trust officer in charge of an existing inter vivos trust providing for Riecke in the event of her incapacity.

Although the joint account in survivorship was created for the defendant's use during her incapacity, nothing was withdrawn for that purpose and title to the fund was vested in the defendant surviving joint tenant.

Under the terms of the Riecke will the transferred funds would be part of her residuary estate which would pour over for distributions to various charitable organizations.

The attorney general, pursuant to § 3-125 of the General Statutes and the common law, claims to have standing to institute this action to recover the funds to protect the interests of the charitable organizations.

The defendant moves to dismiss the complaint on the ground that the attorney general does not have standing to bring this action.

Lack of jurisdiction over the subject matter cannot be waived and is properly raised by a motion to dismiss. Practice Book § 145.

State legislation provides that the attorney general "shall represent the public interest in the protection of any gifts, legacies or devises intended for public or charitable purposes." General Statutes § 3-125. The

breadth of this grant of jurisdiction, which codifies the general equity rule; *New York East Annual Conference v. Seymour,* 151 Conn. 517, 522, 199 A.2d 701 (1964); extends to suits by the attorney general, to enforce or protect a charitable trust and its property, either in defense or by action as plaintiff. Bogert, Trusts and Trustees (2d Ed. Rev.) § 411, p. 415; IV Scott, Law of Trusts (3d Ed.) § 391, p. 3002 et seq.; *Averill v. Lewis,* 106 Conn. 582, 592, 138 A. 815 (1927). The power to enforce a charitable trust is broad enough to include actions involving the invalidation, termination, administration or enforcement of the terms of a charitable trust. See generally Bogert, supra, § 411; IV Scott, supra, § 391.

In the present case, the decedent, in her will, after making numerous specific bequests of tangible personal property, provided that the residue of her estate would pour over into an inter vivos public charitable trust. The complaint alleges that the defendant Rogers, a signatory to the foregoing charitable trust (and in his capacity as trust officer of the defendant trustee of the charitable trust) wrongfully diverted funds from the decedent's estate which would have otherwise poured over into the inter vivos charitable trust. The defendant Rogers maintains that even if money was wrongfully diverted from the decedent's estate, prior to her death, that said money which did not have a chance to "pour over" cannot constitute charitable funds over which the attorney general concededly has jurisdiction.

The defendant's argument is without merit. The pool of available funds for distribution to the eventual beneficiaries of the charitable trust has been diminished to the extent of the defendant Roger's alleged wrongful acts. Moreover, since General Statutes § 3-125 unequivocally permits the attorney general to institute suit to "protect" a charitable trust and its "property," the attorney general has standing to bring the present action.

The same result can be reached by recognizing that the attorney general has been traditionally imbued with the power to bring an action against the trustee for malfeasance. IV Scott, Law of Trusts (3d Ed.) § 391, p. 3004; 2 Restatement (Second), Trusts § 392, p. 281. Thus, property given to a charitable trust that has been misapplied by reason of fraud, breaches of trust and the like, can be subject to an equitable action by the attorney general against the trustee. Id. The defendant Rogers was a trust officer of the trustee of the charitable trust. The fact that he allegedly converted funds of the estate which could have otherwise poured over into the charitable trust demonstrates a breach of trust redressable by the attorney general. Additionally, since the attorney general can sue a trustee who converts charitable funds, it should be apparent that the defendant's alternative argument that the attorney general has no jurisdiction to try title to property is without merit.

Lastly, the defendant argues that the attorney general does not have standing to impose a constructive trust remedy. When a decedent is prevented because of fraud from making a testamentary disposition he would have otherwise made, a court can impose a constructive trust in favor of a person who had no more than an expectancy but who would have received the property but for the wrong. V Scott, Law of Trusts (3d Ed.) § 489, p. 3488; see also *Brown* v. *Citizens,* 56 Ohio St. 2d 85, 382 N.E.2d 1155 (1978) (imposing a constructive trust on wrongfully diverted funds). Accordingly, the fact that neither the attorney general or the beneficiaries to the charitable trust stand in a confidential relationship to the wrongdoer will not prevent the court from fashioning an equitable remedy to redress any unjust enrichment.

The attorney general need not wait for the executor's failure to bring suit to recover funds that may have been illegally transferred. The attorney general is a

necessary party in cases involving charitable funds. *Copp* v. *Barnum,* 160 Conn. 557, 558, 276 A.2d 893 (1970).

The motion to dismiss is denied.