[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO QUASH
On October 18, 1994 the plaintiffs filed an application for a writ of habeas corpus concerning the custody of a minor child, Brittany A. Axelrod.[1] The following facts are taken from the plaintiffs' application.[2] The plaintiffs are the maternal grandparents of Brittany and the natural parents of Sheri S. Axelrod, the child's natural mother. Sheri S. Axelrod died on October 1, 1994 and was at all times a single woman. The defendant, JoAnne E. Avery, was named as testamentary guardian in the Last Will and Testament of the decedent. By decree dated CT Page 12164 October 4, 1994, the Probate Court for the District of Norwich, appointed the defendant as testamentary guardian of Brittany. On November 3, 1994, the defendant filed a motion to quash the writ on the ground that the plaintiffs lack standing thereby depriving the court of jurisdiction.[3] The defendant contends that only the parents or legal guardians of a minor child have standing to bring a petition for a writ of habeas corpus.
It is well-settled in Connecticut that a habeas corpus action is the proper procedure to determine the custody of a minor child. Weidenbacher v. Duclos, 34 Conn. App. 129, 132, A.2d (1994). A habeas corpus petition "`is an equitable proceeding in which the trial court is called upon to decide, in the exercise of its sound discretion, the custodial placement which will be best for the child.'" Id., quoting Evans v. Santoro,6 Conn. App. 707, 709, 507 A.2d 1007 (1986). "Although the best interests of the child are the main concern of the court, that issue cannot be litigated by a party who lacks standing." Id., 133. "Standing focuses on whether a party is the proper party to request adjudication of the issues, rather than on the substantive rights of the aggrieved parties." Nye v. Marcus, 198 Conn. 138, 141,502 A.2d 869 (1985). "[W]here a party does not rely upon any specific statute authorizing invocation of the judicial process his standing depends on whether he has a sufficient personal stake in the outcome of the controversy. . . ." (Internal quotation marks omitted.) Orsi v. Senatore, 31 Conn. App. 400, 414-15,626 A.2d 750 (1993), quoting Belford v. New Haven, 170 Conn. 46, 54,364 A.2d 194 (1975), rev'd on other grounds, ManchesterEnvironmental Coalition v. Stockton, 184 Conn. 51, 57 n. 7,441 A.2d 68 (1981).
The defendant relies on Doe v. Doe, 163 Conn. 345,307 A.2d 146 (1972) for the proposition that only a parent or legal guardian has standing to bring a petition for habeas corpus. InDoe, the petitioner filed a petition for a writ of habeas corpus to obtain custody and visitation rights of two minor children. Id., 341. The petitioner was the biological father of only one of the children, a son. Id. The respondent was the natural mother of the son and of a daughter from a previous relationship. Id. The respondent and the petitioner lived together for ten years during which time the respondent held out the petitioner to the community as the father of both children. Id. The respondent moved to quash the petition on the ground that the petitioner failed to allege guardianship of either child and, with respect to the daughter, the failure to allege parenthood. Id., 342. The CT Page 12165Doe court held that the trial court did not improperly grant the motion to quash with respect to the daughter because the petitioner did not allege parenthood or guardianship. Id., 345. The court did set aside the judgment with respect to the son in light of the then recent Supreme Court decision in Stanley v.Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). The decision in Doe has been interpreted by the courts in Connecticut as holding that "`only parents or legal guardians of a child have standing to seek habeas corpus relief.'"Weidenbacher v. Duclos, supra, 34 Conn. App. 135, quoting Nye v.Marcus, supra, 198 Conn. 143; see In Re Charles R., Superior Court, Judicial District of Hartford-New Britain at Plainville (January 8, 1993).
The defendant also cites Nye in support of its argument that only parents or legal guardians have standing to bring a petition for a writ of habeas corpus. In Nye, the plaintiffs appealed from the trial court's grant of a motion to quash the plaintiffs' petition for habeas corpus on the ground that the plaintiffs, as foster parents, lacked standing to bring a habeas corpus action.Nye v. Marcus, supra, 198 Conn. 139. The court held that the Nye's did not have standing as foster parents to assert their own interest in the maintenance of a family relationship with the child. Id., 144. The Nye court noted with approval the holding inDoe that only parents or legal guardians of a child have standing to seek habeas corpus relief. Id., 143. The court, however, then went on to compare the facts of Doe to the facts of Nye stating that in both cases "the claim of standing was based on an emotional relationship with the child rather than on a biological
relationship or legal guardian relationship. " (Emphasis added.) Id., 143. The court stated that "[f]oster families do not have the same rights as biological families or adoptive families." (Emphasis added.) Id. In fact, Nye suggests that this construction of standing is based on a constitutionally protected liberty interest. The Nye court stated: "[b]iological . . . families have a liberty interest in the integrity of their family unit which is part of the fourteenth amendment's right to familial privacy." Id., 144, citing Smith v. O.F.F.E.R., 431 U.S. 816,842, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977).
The language of Nye arguably extends standing in habeas corpus petitions from the narrow construction in Doe to a broad construction which include members of a child's biological family.[4] Moreover, a finding of standing is appropriate on the facts of this case because the plaintiffs have a sufficient CT Page 12166 "personal stake in the outcome of the controversy," namely the custody of their granddaughter and the maintenance of a familial relationship with her.[5] (Citation omitted; internal quotation marks omitted.) Sierra Club v. Morton, 405 U.S. 727, 731-40,92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).
The court finds that on the basis of the court's decision inNye, the plaintiffs have standing to bring this petition for a writ of habeas corpus. The claim of standing is based on biological relationship with the minor child. It is further found that a finding of standing on the facts of this case comports with traditional notions of standing as articulated by the courts of this state. See Orsi v. Senatore, supra, Conn. App. 414-15.
The motion to quash the Application for a Writ of Habeas Corpus is hereby denied.