[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, The Carl J. Herzog Foundation, Inc., a non-stock Connecticut corporation, alleges in a revised complaint dated June 20, 1994, that it made a matching challenge grant of $250,000 to the defendant, the University of Bridgeport, with the understanding that the defendant would match this amount and use it to provide "Herzog Scholarships" to disadvantaged students for medical care related education, specifically for students CT Page 2636 pursuing nursing training. Specifically, the plaintiff alleges that: it is an "institution" within the meaning of General Statutes § 45a-527 (1); it agreed by "gift instrument," as defined in § 45a-527(6), to provide the matching grant; and the defendant raised the sum of $250,000, which it matched in accordance with the "gift instrument". The plaintiff alleges that the $250,000 that it paid to the defendant constituted an "institutional fund" as defined by § 45a-527(2).
The plaintiff further alleges that it learned that the defendant closed its nursing training program and commingled the "Herzog Scholarship" money with its general fund. The plaintiff alleges that the institutional funds are not being used in accordance with the "gift instrument." Therefore, the plaintiff seeks an injunction ordering the defendant to account to it and reinstate the gift in accordance with the original terms, or in the alternative, transfer the gift to the Bridgeport Area Foundation to be administered in accordance with the original terms.
The defendant has filed a motion to dismiss (#110) for lack of subject matter jurisdiction on the ground that the plaintiff does not have "standing" to bring this action. "Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented . . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded . . . . While determining the existence of a legal interest requires consideration of the merits of a case, standing depends on whether the complainant's interest is arguably within the zone of interests protected by the relevant statute or constitutional guarantee." (Citations omitted; internal quotation marks omitted). Weidenbacher v. Duclos, 34 Conn. App. 129, 133,640 A.2d 147 (1994).
"The absence of standing precludes the existence of a court's CT Page 2637 subject matter jurisdiction and requires dismissal of the claim."Third Taxing District v. Lyons, 35 Conn. App. 795, 798,647 A.2d 32 (1994); Sadloski v. Manchester, 228 Conn. 79, 83, 634 A.2d 888
(1933). "`[Standing is] ordinarily held to have been met when a complainant makes a colorable claim of direct injury he . . . is likely to suffer."' Malerba v. Cessna Aircraft Co., 210 Conn. 189,192, 554 A.2d 1048 (1989), quoting Maloney v. Pac, 183 Conn. 313,321, 439 A.2d 349 (1981).
The defendant claims that the plaintiff does not have the requisite "legal interest" necessary to confer standing. The defendant argues that the plaintiff did not reserve the right to control its gift, and therefore, the plaintiff's standing to control the use of its gift, or to complain that the gift was purportedly improperly applied, terminated when the gift was made.
The plaintiff contends that it has brought this action pursuant to General Statutes § 45a-251 et seq., the Connecticut Uniform Management of Institutional Funds Act (CUMIFA), and that under CUMIFA it has standing as the donor to enforce the restrictions in the "gift instrument". The plaintiff relies primarily upon § 45a-533, which provides in part that "[w]ith the written consent of the donor, the governing board may release, in whole or in part, a restriction imposed by the applicable gift instrument on the use or investment of an institutional fund" as support for its contention that it has standing to bring an action to enforce the restrictions contained in the "gift instrument."
CUMIFA does not provide a donor with the right to enforce restrictions contained in a "gift instrument." The Supreme Court of Connecticut has turned to the Uniform Management Act of Institutional Funds Act (UMIFA) in resolving ambiguities in CUMIFA. See Yale University v. Blumenthal, 225 Conn. 32, 37-38,621 A.2d 1304 (1993). "A court can properly consider the official comments as well as the published comments of the drafters as a source for determining the meaning of an ambiguous provision [of a uniform act] . . . . Moreover, it is manifest that the legislature in enacting CUMIFA intended to implement the intention, meaning and objectives of the commission that drafted UMIFA." (Citations omitted; internal quotation marks omitted.) Id., 38.
The preamble to UMIFA states that it is "[a]n act to CT Page 2638 establish guidelines for the management and use of investments held by eleemosynary institutions and funds." See 7A Uniform Law Annotated 712 (1985). In regard to the release of restrictions imposed by a gift instrument, the commentary to § 7 of UMIFA recognizes that "the donor has no property interest in a fund after the gift," but nevertheless if a limitation by the donor controls the governing board, and the donor agrees that the restriction need not apply, "the board should be free of the burden." See 7A Uniform Law Annotated 723 (1985).
Furthermore, "[s]ome decisions support generally the right of the donor of a charitable gift, the founder of a charitable trust, or his heirs, to maintain a suit to enforce the trust or one to prevent misuse or diversion of the property or the funds. Most decisions, however, limit the right to instances where the gift is conditional or ineffective, or there is a clear reservation of right to terminate or revoke it. The Restatement of Trusts takes the view that the donor, having parted with his interest, lacks sufficient interest to demand judicial enforcement of the trust . . . . The underlying theory . . . is that, by donating the property or fund to charity, though for a stated purpose or with directions as to its use, its subsequent use and application are matters of public, not private, concern. The attorney general can challenge any misuse or misapplication of the property . . . ." 15 Am.Jur.2d 175-76, Charities § 148; see also Steeneck v. University of Bridgeport,12 Conn. L. Rptr. 314, 318 (October 3, 1994) (Lewis, J.).
According to General Statutes § 3-125, the attorney general "shall represent the public interest in the protection of any gifts, legacies or devises intended for public or charitable purposes." See New York East Annual Conference v. Seymour,151 Conn. 517, 521-22, 199 A.2d 701 (1964); Lieberman v. Rogers,40 Conn. Sup. 116, 117, 481 A.2d 1295 (1984); Steeneck v. Universityof Bridgeport, supra, 12 Conn. L. Rptr. 318.
CUMIFA, pursuant to which the plaintiff has brought this action, does not provide the plaintiff with the right to enforce restrictions contained in the "gift instrument," and therefore the plaintiff lacks standing. See Weidenbacher v. Duclos, supra,34 Conn. App. 133. Accordingly, the defendant's motion to dismiss is granted. CT Page 2639